*Affirmed.*

Firm Lumber Co. *v.* Davis, Agent.

[92 South. 65. No. 22663.]

Railroads. *Instruction confirming jury to date of fire proved correct.*

In an action against a railroad company for damage caused by fire, alleged to be set out by the locomotive of the railroad company, it is not error to confine the jury by instructions to the date shown by the evidence on which the fire occurred. Where one witness for the plaintiff and one for the defendant fix the date of the fire definitely, and the other witnesses fix no date at all on which it occurred, the court is not required to instruct the jury that, if the fire was set out by the defendant's locomotive "on or near" the alleged day, the jury should find for plaintiff.

Appeal from circuit court of Covington county.

Hon. W. H. Hughes, Judge.

Suit by the Firm Lumber Company against James C. Davis, Agent of the United States. From a judgment in favor of defendant, plaintiff appeals. Affirmed.

*Stevens & Heidelberg,* for appellant.

In answer to the authorities cited by counsel for appellee on the question of the necessity of pleading with certainty and proving with accuracy the time in a case of this sort, we desire to cite the following authorities: From

Shipman's Common-law Pleading, (2 Ed.), p. 391, we quote the following: Same—When time need not be truly stated. 283. Whenever the time to be alleged does not constitute a material point in the cause, and is not of the substance of the issue, any time may be assigned to a given fact. "Time is immaterial and need not be proved as laid; but when material, as matter of description, strict proof is necessary." 31 Cyc. 706.

"Time, place, quantity, value, etc. But, in general the allegations of time, place quantity, quality, and value, when not descriptive of the identity of the subject of the action, will be found immaterial, and need not be proved strictly as alleged." Greenleaf on Evidence, (15 Ed.), p. 100.

The general rule laid down by the foregoing eminent authorities is the rule adopted in Mississippi. 2 Smedes & Marshall, p. 544 and *Carter* v. *Preston & Stetson,* 51 Miss. 427, and *Railway* v. *Baird,* 76 Miss. 521. We quote from *Carter* v. *Preston & Stetson, supra,* the following; "But, in general, the allegations of time, place, quantity, quality, and value, when not descriptive of the identity of the subject of action, will be found immaterial and need not be proved strictly as alleged."

In the case of *Central of Georgia Ry. Co.* v. *Simonds,* 43 So. 731, cited by counsel for appellee, the declaration alleged that a cow was killed on or about the 18th day of May, 1905 while the proof showed that she was killed on the 10th day of October 1904, and the court held there was a fatal variance in the time as alleged and as proven. It is well known that the procedure in Alabama is more strict than in most states, requiring accuracy of pleading and accuracy in the proof of the thing alleged, strictly in accordance with the allegations of the declaration or pleading. The case just referred to is in conflict with the general authorities and with the Mississippi authorities. Too, when we turn to other Alabama cases we find that in the case of *Southern Ry. Company* v. *Taylor,* reported at 42 So. 625, a suit for damages and injury to a horse, the court says:

"It was not a fatal variance that plaintiff did not prove the exact day in July laid in the complaint. The only authority cited to support appellant's contention is *E. T. V. & G. R. R. Co. v. Carlors,* 77 Ala. 443, which was decided under a statute wholly inapplicable to this case, even if it were now in force."

And in the case of *Blair v. Riddle,* reported at 57 So. 382, decided by the Alabama supreme court, January 18, 1922, the court says: "One of the counts of the complaint alleged that the conversation was on or about the 18th day of October, 1904. There was evidence tending to prove that the conversion took place on the 21st day of October, 1904. The allegation as to the time was somewhat indefinite and uncertain, and it cannot be said that there was a variance between it and the evidence on the subject." 6 Words and Phrases, p. 4966. "The court was not in error in giving the affirmative charge requested by the plaintiff.

"Under the allegations of the declaration in the instant case it was entirely within the rights of the plaintiff to prove the burning of the plant on any day prior to the filing of suit and within the statute of limitation.

"While the courts variously state the rule, it is probably the best and most authoritative resultant of it that proofs must correspond with the allegations in the complaint or answer, but the requirement in that behalf is fulfilled if the substance of the cause of action or defense is proved. And departure in the evidence from the substance constitutes a variance and is fatal, or as is frequently the effect, constitutes a failure of proof. There may however, be a failure of proof without a variance, or, it has been held, a variance without failure of proof." 21 R. C. L. p. 608.

"The expression 'on or about' a certain date is held to be just as consistent with a day or two after the date as before." *Payne v. State Land Office, Com'r.,* — Mich. 244, 248, 33 N. W. 491, Words & Phrases, vol. 6, p. 4966.

"There is no fatal variance between an allegation that a contract was made on or about September 1905, and proof

that it was entered into on October the same year.  *Kerr* v.
*Blair,* 105 S. W. 548, 551, 47 Tex. Civ. App. 406.

There is no variance between a complaint in trover al·
leging that the conversion occurred on or about October
18th, and the proof that it occurred on October 21st, *Blair*
v. *Riddle,* 57 So. 382, 3 Ala. App. 292, (citing 6 Words and
Phrases, p. 4966.  See Words & Phrases, vol. 3, p. 726.

Upon examination of the foregoing authorities we think
it will plainly appear that our original contention in this
case is correct.  The real issue to be submitted to the jury
and decided by the jury was whether or not the defendant
burned the ice plant of the plaintiff at some time about
the month of February 1920.  Whether the fire occurred
on the day of February 9th, or on some other day was im·
material.  If the jury, after hearing all the evidence was
of the opinion the fire originated from sparks from the
locomotive of the defendant then the plaintiff was entitled
to recover, even though the fire might have occurred on
the 20th of February, or on the 20th of January, 1920, or
on any other day.  The jury was not required under the
law to accept the unsatisfactory and incompetent testi-
mony of Sanford as definitely and unalterably fixing the
occurence of the fires as on the ninth day of February, and
when the court instructed the jury that they were bound to
accept his statement the court committed error, and this
error, no doubt, was the moving cause of the verdict in
this case.

*B. E. Eaton & T. J. Wills,* for appellee.

Defendant was not called upon to defend as to a date
other than the one that plaintiff fixed as the time of the
fire.  If a different date from that fixed in the pleadings
had been shown by the proof, plaintiff would have been per-
mitted under the rules of procedure to amend.  Defendant,
however, would have been entitled to time in which to pre-
pare to meet the changed date.  The date, however, was
not changed by the pleadings, neither by the proof.  De-

fendant met the case made by the plaintiff's pleading and proof. Certainly defendant could not be held liable upon the presumption that it was some other date on which it had not had an opportunity to present the defense by showing the facts connected with its operation.

Had the proof shown a date other than the 9th day of February 1920, or had there been doubt, as to the date on which it occurred, left by the proof defendant would have had a right, on timely application, to have the case passed until they could procure the document and evidence to meet the changed date. Undoubtedly the plaintiff had a right to prove any date within a reasonable point of time alleged in the declaration. Defendant would be entitled to show whether or not it had any trains passing the plant within a period of time, which in the usual course of events, the fire could be traceable to. The case made by plaintiff, however, fixed February 9th. The defendant or its acts on some other date would have been unsupported by the proof. It would have been unfair to the defendant, because the defendant was entitled to show the facts as they existed on the date of the fire. If plaintiff had not known the date of the fire, and by its pleadings it had so shown, defendant would have been entitled to plead the date of the fire and to have proved it and then to have shown its conduct on that date. When, by the pleadings and proof, the plaintiff fixed the date of the fire, it was bound by that date in the submission of the case to the jury.

The action was a personal action, and the question of time was a traversable issue. The date must be pleaded with certainty. See Shipman's Common-law Pleadings (2 Ed.), p. 389.

If the pleadings had charged one date and the proof showed another, there would have been a variance in the pleadings and proof unless the pleadings were amended to correspond to the date. Otherwise plaintiff would not have been entitled to recover. *Central of Ga. R. R. Co.* v. *Simonds*, 43 So. 731.

We submit to the court that there was no error in the instruction given the defendant and the instruction refused plaintiff, and the case should be affirmed.

ETHRIDGE, J., delivered the opinion of the court.

The appellant brought suit against the appellee in the circuit court for burning an ice plant located in the town of Collins, Miss., demanding judgment for twenty-two thousand dollars. The declaration charges that on or about the 9th day of February, 1920, the agents and servants of the Director General set fire to, and carelessly and negligently allowed the fire to get into, the lands of the plaintiff, on which was situated plaintiff's ice plant, including the building, machinery, etc., completely destroying' the building, and so damaging the machinery located therein as to render it worthless or practically so. There were four counts, declaring on different phases of negligence, but all of them charging the burning substantially as above stated.

Plaintiff introduced two witnesses with reference to the date of the fire. The first witness questioned answered as follows:

"Q. Where were you working along about the 9th day of February, 1920, Milton? A. I was working down at the mill of W. C. Wood Lumber Company's mill, at the loading shed.

"Q. What railroad runs by that mill? A. The G. & S. I.

"Q. On which side of the railroad is the mill on of the Wood Lumber Company? A. On the west side.

"Q. That is on this side of the railroad? A. Yes, sir.

"Q. What was on the opposite of the railroad, on the east side of the railroad at that time, before that? A. The ice plant.

"Q. How long had you been at work at the mill before this day? A. Going on three or four years, something like that.

"Q. What happened to the ice plant, if anything, on that day? A. It got burned up."

The second witness for plaintiff testified as follows:

"Q. Where were you on the 9th day of February, 1920, Frank? What were you doing? A. I was working down at the W. C. Wood Lumber Company.

"Q. You remember the occasion when the ice plant was burned down there, don't you? A. Yes, sir.

"Q. What happened to the ice plant that day? A. It got burned up that day."

These witnesses testified that the southbound local freight train passed there in the afternoon, and that the locomotive was emitting sparks, and that some time after they saw fire in some shavings and sawdust near the corner of the ice plant, and that the ice plant caught from the said fire and burned; that it was very dry, and it burned rapidly. The time the fire was seen was fixed differently by the two witnesses—one estimating the time from an hour to an hour and a half after the passage of the south-bound local freight; the other estimating the time at from thirty to forty minutes after the train passed. There were other witnesses who testified to other matters involved in the case for the plaintiff, but none of them fixed any time at which the fire occurred.

The defendant introduced the train dispatcher, who testified that he kept the records of the movements of trains, and that on the 9th day of February he was on duty from eight a. m. to four p. m. and directed the movements of the company's trains during that period of time, and that the only freight train that passed going south left Collins at twelve twenty-five p. m.; and reached Seminary at one ten p. m., Seminary being some distance south of Collins, and that the next train that would pass going south on that day would be about six p. m. It was also proven that the smokestack on the said train was equipped with standard spark arresters and was in good condition. The section foreman was introduced by the defendant, and testified that he was working on the section which included Collins

on that day, but was at some point north of Collins, and did not see the fire, but that he was called on by the company to make a report concerning the fire, two or three days after it occurred, and that he did make the report, keeping a copy of the report, which he examined at his home the morning of his testimony and prior to testifying, and that the report showed the fire occurred on the 9th day of February. He further testified on cross-examination that, independent of the report, he had no personal recollection of when the fire occurred.

The defendant procured an instruction in the following language:

"The court instructs the jury, for the defendant, that the burden rests upon the plaintiff to prove by a preponderance of the evidence in this case that the ice plant was set on fire by sparks from the engine of a local freight train going south on the 9th day of February, 1920, and, unless the plaintiff has met this burden by a preponderance of the evidence, it is the sworn duty of the jury to find for the defendant."

The plaintiff requested, and was refused, an instruction in the following language:

"The court instructs the jury, for the plaintiff, that the plaintiff is not confined to proof of a fire on the 9th day of February; but, if they believe from the evidence that the plant was burned on or about the 9th day of February, this is sufficient as to the time."

Plaintiff was given an instruction that all that was necessary to make out his case was to prove by the preponderance of the evidence that his property was destroyed by fire communicated, either directly or indirectly, by a locomotive operated by the railroad in question, and if the jury believed from the evidence that he met this burden, then they should find for the plaintiff. Plaintiff was also given another instruction, which told the jury, for the plaintiff, that if they believed the ice plant in question was destroyed by fire communicated directly or indirectly by a locomotive engine in use by the railroad company in ques-

tion, then it was their duty to find for the plaintiff, regardless of whether the defendant was in any way negligent in the operation of the said railroad or in the communication of said fire.

The jury returned a verdict for the defendant, and a judgment was entered thereon for the defendant, from which judgment this appeal is prosecuted, and the giving of the instruction for the defendant above set out is assigned for error, as is also the refusal of the refused instruction for the plaintiff above set out. It is insisted by the appellant that it was not limited to the 9th day of February for the recovery of damages for the burning of the ice plant, but that the jury should have been allowed to find for the plaintiff if they believed its ice plant was burned by the railroad at or near the 9th day of February, and also insist that it had a right to prove the fire at any time within the period not barred by the statute of limitations. That time is not of the essence of the suit, and it should not have been limited to the proof of time to the 9th day of February, citing a number of authorities in support of this position.

This contention would be sound, if the proof showed that the fire occurred on any other day, or if some of the witnesses testified to the 9th day of February, and others to a different day, but in the case before us the plaintiff's own witness testified that the fire occurred on the 9th day of February, and his testimony is supported by the section foreman of the defendant, who made a record of the matter while it was fresh in his memory. None of the witnesses for either the plaintiff or the defendant fix any other day than the 9th of February as the day on which the fire occurred, and all of the parties to the suit, it seems to us, dealt with the matter during the taking of the evidence as though this was the true date of the fire.

The instruction, therefore, requested by the plaintiff, was not applicable to the evidence, and it was not error to refuse it. If there had been evidence supporting the hypothesis of the instruction, then it would have been proper. In suits of this kind it is necessary that the evidence show

with some reasonable certainty when the fire occurred, and, while the plaintiff may select such time within the period of limitation as his proof will support, still, when he does develop his proof, he should then be confined to the period covered by the proof, and not leave the jury greater latitude in its finding than is covered by the proof in the case. It would be impossible for a railroad company to cover, or be expected to cover, the entire period of limitation, because usually many trains pass each day over its tracks. It was therefore, not reversible error to refuse plaintiff the instruction complained of, nor to give to the defendant the given instruction complained of, and the judgment will be affirmed.

*Affirmed.*